IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
_____DIVISION

*(Write the District and Division, if any, of
the court in which the complaint is filed.)*

**FILED**
HARRISBURG, PA

JAN 2 0 2023

PER _____ I͡B ͡ꞁ
DEPUTY CLERK

**Complaint for a Civil Case**

Michael Eugene Owens
7711 Saint Moritz Ln.
Charlotte, NC 28226

Case No. 1:23-CV-105

*(to be filled in by the Clerk's Office)*

M.J. Saporito

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

Jury Trial:   ☒ Yes   ☐ No
*(check one)*

**-against-**

(PMBDA) PA Minority Business
Development Authority of the
Commonwealth of Pennsylvania

See Attached

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

1

I.      **The Parties to This Complaint**

  A.      **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

|  |  |
|---|---|
| Name | MICHAEL EUGENE OWENS |
| Street Address | 7711 SAINT MORITZ LN |
| City and County | CHARLOTTE, MECKLENBURG |
| State and Zip Code | NORTH CAROLINA, 28226 |
| Telephone Number | 704.258.0082 |
| E-mail Address | EMOWENSIII@AOL.COM |

  B.      **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

|  |  |
|---|---|
| Name | (PMBDA) PA MINORITY BUSINESS DEVELOPMENT AUTHORITY OF THE COMMONWEALTH OF PENNSYLVANIA |
| Job or Title (if known) | A GOVERNMENT AGENCY |
| Street Address | 400 NORTH STREET, 4TH FLOOR |
| City and County | HARRISBURG AND DAUPHIN |
| State and Zip Code | PENNSYLVANIA 17120 |
| Telephone Number | 717.214.5321 |
| E-mail Address (if known) | N/A |

Defendant No. 2

    Name                JOHN S. PICCONI

    Job or Title        ESQUIRE
    (if known)

    Street Address    528 LOMBARDY ROAD

    City and County   DREXEL HILL AND DELAWARE

    State and Zip Code PENNSYLVANIA 19026-1301

    Telephone Number N/A

    E-mail Address   N/A
    (if known)

Defendant No. 3

    Name                TOM WOLFE

    Job or Title        GOVERNOR PENNSYLVANIA
    (if known)

    Street Address    508 MAIN CAPITOL BUILDING

    City and County   HARRISBURG AND DAUPHIN

    State and Zip Code PENNSYLVANIA 17120

    Telephone Number 717.787.2500

    E-mail Address   N/A
    (if known)

Defendant No. 4

    Name                HAROLD E. DUNBAR

    Job or Title        ESQUIRE, PMBDA ATTORNEY
    (if known)

    Street Address    15TH FLOOR, STRAWBERRY SQUARE
                      OFFICE OF ATTORNEY GENERAL

    City and County   HARRISBURG AND DAUPHIN

    State and Zip Code PENNSYLVANIA 17120

    Telephone Number 717.787.3391

    E-mail Address   N/A
    (if known)

3

SEE ATTACHED DEFENDANTS

**II.     Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*
     ☐ Federal question            ☒ Diversity of

citizenship Fill out the paragraphs in this section that apply to this case.

A.     If **the Basis for Jurisdiction Is a Federal Question**

List the specific "federal statutes", federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Breach of contract, fraud, concealment, race discrimination, reparation, "A Big Lie", Statute of Limitations waivers of fraud.

B.     If **the Basis for Jurisdiction Is Diversity of Citizenship**

1.     The Plaintiff(s)

a.     If the plaintiff is an individual

The plaintiff, Michael Eugene Owens, is a citizen of the State of North Carolina

b.     If the plaintiff is a corporation

The plaintiff, N/A, is incorporated under the laws of the State of (name) _____ and has its principal place of business in the State of (name) _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

   a.   If the defendant is an individual

   The defendant, BNY Mellon Bank, is a citizen of the State of New York. *Or* is a citizen of *(foreign nation)* _____.

   b.   If the defendant is a corporation

   The defendant, PMBDA, is incorporated under the laws of the state of Pennsylvania and has its principal place of business in the State of _____. *Or* is incorporated under the laws of (foreign nation) _____, and its principal place of business in _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

   The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

   Projected Sales Income of $11,650,000; $120,000 Loans and Punitive Damage $100,000.

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1.   Tom Wolf, Governor of PA, vindictive of Plaintiff because of press release.

2.   Harold E. Dunbar torpedo the whole deal because of racist comments against Jewish CPA.

3.   Daryl S. Myers made an "oral agreement" to the Capita City Mall location.

4.   Owen Montague was in "cahoots" with breach of contract with attorney Harold E. Dunbar.

5.   Cynthia M. Craig knew all the facts.

6.   Phil Shearer knew all the facts with Daryl S. Myers and a note about PMBDA funds.

7.   John S. Picconi knew all facts, called it a "Kangaroo Court".

8.   Stephen W. Simpson sabotaged the whole deal because they didn't read the "loan agreement."

9.   Secretary of Commerce conducted themselves as a "Kangaroo Court" on July 21, 1976 with no evidence!!!

10.  SBA Officials closed on the $95,000 loan on April 14, 1976 a week before PMBDA closed on April 21, 1976 of their "loan agreement" contract.

11.  Stephen R. Krone had a note that PMBDA "validated" their own "loan agreement" contract.


IV.   **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Commonwealth National Bank and BNY Mellon Bank of New York, NY loan for $95,000; PMBDA loan $25,000. Plan income projections of $250,000 per year for 46 years equals $11,500,000 and punitive money damages of $100,000,000.

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and ( 4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: January 19, 2023

Signature of Plaintiff

Printed Name of Plaintiff         Michael Eugene Owens

### B.   For Attorneys

| | |
|---|---|
| Date of signing | N/A |
| Signature of Attorney | N/A |
| Printed Name of Attorney | |
| Bar Number | |
| Name of Law Firm | |
| Address | |
| Telephone Number | |
| E-mail Address | |

# SEE ATTACHED
# DEFENDANT(S)

Defendant No. 5

| | |
|---|---|
| Name | DARYL S. MYERS |
| Job or Title (if known) | COMMONWEALTH NATIONAL BANK BNY MELLON BANK, BANKER |
| Street Address | 240 GREENWICH STREET |
| City and County | NEW YORK AND MANHATTAN |
| State and Zip Code | NEW YORK 10286 |
| Telephone Number | N/A |
| E-mail Address (if known) | N/A |

Defendant No. 6

| | |
|---|---|
| Name | OWEN MONTAGUE |
| Job or Title (if known) | DIRECTOR OF PMBDA COMMONWEALTH OF PA |
| Street Address | 400 NORTH STREETM, 4TH FLOOR |
| City and County | HARRISBURG AND DAUPHIN |
| State and Zip Code | PENNSYLVANIA 17120 |
| Telephone Number | 717.214.5321 |
| E-mail Address (if known) | N/A |

Defendant No. 7

| | |
|---|---|
| Name | CYNTHIA M. CRAIG |
| Job or Title (if known) | ASSISTANT DIRECTOR OF PMBDA COMMONWEALTH OF PA |
| Street Address | 400 NORTH STREET, 4TH FLOOR |
| City and County | HARRISBURG AND DAUPHIN |
| State and Zip Code | PENNSYLVANIA 17120 |
| Telephone Number | 717.214.5321 |
| E-mail Address (if known) | N/A |

Defendant No. 8

| | |
|---|---|
| Name | PHIL SHEARER |
| Job or Title (if known) | CLERK OF PMBDA COMMONWEALTH OF PA |
| Street Address | 400 NORTH STREET, 4TH FLOOR |
| City and County | HARRISBURG AND DAUPHIN |
| State and Zip Code | PENNSYLVANIA 17120 |
| Telephone Number | 717.214.5321 |
| E-mail Address (if known) | N/A |

Defendant No. 9

| | |
|---|---|
| Name | STEPHEN W. SIMPSON |
| Job or Title (if known) | CONTRACT ATTORNEY FOR PMBDA COMMONWEALTH OF PA |
| Street Address | 400 NORTH STREET, 4TH FLOOR |
| City and County | HARRISBURG AND DAUPHIN |
| State and Zip Code | PENNSYLVANIA 17120 |
| Telephone Number | 717.214.5321 |
| E-mail Address (if known) | N/A |

Defendant No. 10

|                          |                                      |
|--------------------------|--------------------------------------|
| Name                     | SECRETARY OF COMMERCE                |
| Job or Title (if known)  | INTERNATIONAL TRADE ADMINISTRATION  |
| Street Address           | 228 WALNUT ST, PO BOX 11698         |
| City and County          | HARRISBURG AND DAUPHIN              |
| State and Zip Code       | PENNSYLVANIA 17108                  |
| Telephone Number         | 717.221.4510                        |
| E-mail Address (if known)| N/A                                 |

Defendant No. 11

|                          |                                      |
|--------------------------|--------------------------------------|
| Name                     | SBA – PHILADELPHIA OFFICE           |
| Job or Title (if known)  | N/A                                 |
| Street Address           | 660 AMERICAN AVENUE, #301           |
| City and County          | KING OF PRUSSIA AND MONTGOMERY      |
| State and Zip Code       | PENNSYLVANIA 19406                  |
| Telephone Number         | N/A                                 |
| E-mail Address (if known)| N/A                                 |

Defendant No. 12

|                          |                                      |
|--------------------------|--------------------------------------|
| Name                     | STEPHEN R. KRONE                    |
| Job or Title (if known)  | ATTORNEY<br>MID PENN LEGAL SERVICES |
| Street Address           | 213-A NORTH FRONT STREET            |
| City and County          | HARRISBURG AND DAUPHIN              |
| State and Zip Code       | PENNSYLVANIA 17101                  |
| Telephone Number         | N/A                                 |
| E-mail Address (if known)| N/A                                 |

Michael E. Owens, President
7711 Saint Moritz Lane
Charlotte, NC 28226-4453
704-258-0082
EmOwens111@aol.com

Michael E. Owens, Prose

     vs

(PMBDA) PA Minority Business
Development Authority of the
Commonwealth of Pennsylvania

IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT
OF PENNSYLVANIA

CASE NO.

CIVIL ACTION – LAW

TOM WOLF, GOVENOR, COMMONWEALTH OF PA
HAROLD E. DUNBAR, ATTORNEY, COMMONWEALTH OF PA
DARYL S. MYERS, BANKER, COMMONWEALTH NATIONAL BANK
JOHN S. PICCONI, ATTORNEY, DREXEL HILL, PA
OWEN MONTAGUE, COMMONWEALTH OF PA
CYNTHIA M. CRAIG, PMBDA, COMMONWEALTH OF PA
PHIL SHEARER, COMMONWEALTH OF PA
STEPHEN W. SIMPSON, PMBDA, CONTRACT ATTORNEY, PHILADELPHIA, PA
SECRETARY OF COMMERCE, COMMONWEALTH OF PA
SBA OFFICIALS, PHILADELPHIA, PA
STEPHEN R. KRONE, ATTORNEY, MID PENN LEGAL SERVICES, HARRISBURG, PA

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty days after this complaint and notice are served, by entering a written appearance personality or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

DAUPHIN COUNTY LAWYER REFERRAL SERVICE
213 NORTH FRONT STREET
HARRIBURG, PA 17101
(717) 232-7536

Michael E. Owens, President
7711 Saint Moritz Lane
Charlotte, NC 28226-4453
704-258-0082
EmOwens111@aol.com

Michael E. Owens, Prose

IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT
OF PENNSYLVANIA

vs

CASE NO.

(PMBDA) PA Minority Business
Development Authority of the
Commonwealth of Pennsylvania

CIVIL ACTION – LAW

TOM WOLF, GOVENOR, COMMONWEALTH OF PA
HAROLD E. DUNBAR, ATTORNEY, COMMONWEALTH OF PA
DARYL S. MYERS, BANKER, COMMONWEALTH NATIONAL BANK
JOHN S. PICCONI, ATTORNEY, DREXEL HILL, PA
OWEN MONTAGUE, COMMONWEALTH OF PA
CYNTHIA M. CRAIG, PMBDA, COMMONWEALTH OF PA
PHIL SHEARER, COMMONWEALTH OF PA
STEPHEN W. SIMPSON, PMBDA, CONTRACT ATTORNEY, PHILADELPHIA, PA
SECRETARY OF COMMERCE, COMMONWEALTH OF PA
SBA OFFICIALS, PHILADELPHIA, PA
STEPHEN R. KRONE, ATTORNEY, HARRISBURG, PA

## COMPLAINT

1. Plaintiff was a resident in Harrisburg, PA

2. Defendant, PMBDA is the State Government of PA who resides in Harrisburg, PA

3. On or about April 21, 1976, the Defendant signed a loan agreement with the Plaintiff. A true and correct copy of said loan agreement is attached hereto as Exhibit A.

4. Plaintiff did provide all legal documents to Defendant which were FRAUDULENT, CONCEALMENT AND BREACH OF CONTRACT.

5. The Plaintiff is owed $11,620,000 on behalf of Defendant PMBDA of the Commonwealth of Pennsylvania.

6. Paragraphs 1 through 5 are incorporated herein by reference as though set forth at length.

7. On or about April 21, 1976, Plaintiff and Defendant entered into a "loan agreement" wherein Plaintiff agreed to opening a men's clothing in Colonial Park Mall, Harrisburg,

PA. Defendant in consideration for Defendant's loan agreement to support Plaintiff for their services.

8.  Plaintiff executed a "loan agreement" with PMBDA on April 21, 1976. A true and correct copy of the "loan agreement" evidencing the legal terms and conditions are attached as Exhibit A.

9.  The Defendant is owed $11,620,000 for fraudulent, concealment, breach of contract, race discrimination and reparation to Plaintiff. Despite repeated demands for the Defendants to honor the terms and conditions of the "loan agreement."

10. The failure to honor to Plaintiff the amount owed is a material breach of the "loan agreement" between the parties. Exhibit A

11. The breach, as aforesaid, had caused the Plaintiff injury in the amount of $11,620,000. WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an ORDER as follows:

    a.  Granting JUDGMENT for the Plaintiff and against Defendants in the amount of $11,620,000.

    b.  Granting Plaintiff its expenses, including reasonable attorney fees and costs incurred in connection with this action and pursuant to the Agreement between the parties.

    c.  Granting Plaintiff interest at the statutory rate from April 21, 1976; and,

    d.  Granting such other relief as the Court deems equitable and just.

COUNT II – BREACH OF IMPLIED CONTRACT
MICHAEL E. OWENS v. PMBDA OF COMMONWEALTH OF PENNSYLVANIA

In the event it is determined that no written contract between Plaintiff and Defendant as alleged in Count I, the Plaintiff alleges as follows:

12. Paragraphs 1 through 11 are incorporated herein by the reference as though set forth at length.

13. On or about April 21, 1976, the Defendant, PMBDA, agreed to lend a personal unsecured loan of $25,000.00 to Plaintiff, Michael E. Owens, for the opening of a men's clothing at Colonial Park Mall, Harrisburg, PA.

14. From April 21, 1976 to July 21, 1976, the PMBDA "loan agreement" was declared in default 90 days premature. Plaintiff provided legal services to the Defendant. Exhibit A

15. The facts, as set forth herein, establish an implied in law and implied in fact of PMBDA loan agreement contract. Exhibit A

16. Due to the existence of the implied in law and implied in fact contracts, Plaintiff is entitled to compensation for default 90 days premature and breach of contract, fraudulent, concealment, race discrimination and reparation. Exhibit A

17. Plaintiff has demanded reinstate under the original terms and conditions of the implied in fact and implied in law contract. Exhibit A

18. Plaintiff has been damaged by the refusal of Defendant to reinstate for the legal breach of contract, fraudulent, concealment, race discrimination and reparation of "loan agreement" in breach of the implied in law and implied in fact contract. Exhibit A

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an Order as follows:

    a.  Granting judgment for the Plaintiff and against Defendants in the amount of $11,620,000.

    b.  Granting Plaintiff its expenses, including reasonable attorney fees and costs incurred in connection with this action;

    c.  Granting Plaintiff interest at the statutory rate from July 21, 1976; and,

    d.  Granting such other relief as the Court deems equitable and just.

## COUNT III – UNJUST ENRICHMENT – QUANTUM MERUIT
## MICHAEL E. OWENS v. PMBDA OF THE COMMONWEALTH OF PENNSYLVANIA

In the event it is determined that no written contract and no implied-in-fact contract existed between Plaintiff and Defendants as alleged in Counts I and II, the Plaintiff alleges as follows:

19. Plaintiff hereby incorporates paragraphs 1 through 18 of this Complaint as if set forth at length herein.

20. As more fully described herein, Plaintiff's expectation of compensation from the Defendant was reasonable.

21. The Plaintiff needs conferred a substantial benefit upon the Defendant.

22. The Defendant retained the "loan agreement" with Plaintiff. Exhibit A

23. The Defendant had been unjustly enriched at the expense of the Plaintiff of breach of contract, concealment, fraudulence, race discrimination and reparation. Exhibit A

24. Due to Defendant's unjust enrichment, the Plaintiff is entitled to proper compensation of $11,620,000.

25. Defendant's unjust enrichment at the Plaintiff's expense has damaged the Plaintiff.

26. The fair market value of said corporation at the time present is $11,620,000.

27. The Defendant has refused to reinstate Plaintiff the fair market value of said business rendered to "loan agreement" to MICHAEL E. OWENS. Exhibit A

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an Order as follows:

    a. Granting judgment for the Plaintiff and against Defendants in the amount of $11,620,000.

    b. Granting Plaintiff its expenses, including reasonable attorney fees and costs incurred in connection with this action;

    c. Granting Plaintiff interest at the statutory rate from July 21, 1976; and,

    d. Granting such other relief as the Court deems equitable and just.

## COUNT IV – FRAUD
## MICHAEL E. OWENS v. PMBDA OF COMMONWEALTH OF PENNSYLVANIA

28. Paragraphs 1 through 27 hereof are incorporated herein by reference as though set forth at length.

29. In order to further induce Plaintiff to legally declare the loan into default to Defendant, the Defendant premature by fraudulent, concealment, breach of contract, race discrimination and reparation of document by Defendant, represented to Plaintiff that he/she would pay for legal services rendered to the Defendant. Exhibit A

30. Plaintiff believes, and therefore avers, that such representation was materially false, in that Defendant had no intention of honoring the PMBDA loan agreement contract. Exhibit A

31. Such material misrepresentation was made by Defendant with actual knowledge of its falsity, or in reckless disregard of its truth or falsity, as to the actual intent of Defendant with respect to their intent to declare loan agreement premature into default. Exhibit A

32. In justifiable reliance upon material misrepresentation of Defendant, Plaintiff provided the Defendant, PMBDA, all the legal documents.

33. As a result of the misrepresentations, fraudulent, concealment, race discrimination, reparation, and breach of contract by Defendant and their failure to the terms and conditions of the original "loan agreement", Plaintiff has been damaged in the amount of $11,620,000. Exhibit A

WHEREFORE, Plaintiff respectfully requests the Honorable Court to enter and Order as follows:

    a.  Granting judgement for the Plaintiff and against Defendants in the amount of $11,620,000.

    b.  Granting Plaintiff its expenses, including reasonable attorney fees and costs incurred in connection with this action;

    c.  Granting Plaintiff interest at the statutory rate from July 21, 1976; and,

    d.  Granting such other relief as the Court deems equitable and just.

Date:   January 19, 2023

Michael E. Owens, President
7711 Saint Moritz Lane
Charlotte, NC 28226-4453
704-258-0082
Emowens111@aol.com
In Form A Pauper is "Prose" Petitioner

## STATEMENT OF CLAIMS

Michael E. Owens, Plaintiff in the above captioned case, by its President, Michael E. Owens, claims that the Commonwealth of Pennsylvania, Department of Commerce, Pennsylvania Minority Business Development Authority, Defendants, the sum ELEVEN MILLION, SIX HUNDRED FIFTY THOUSAND ($11,650,000), which is justly due and payable to the Plaintiff by the Defendant, upon a cause of action whereof the following is a statement:

### QUESTIONS FOR DEFENDANT, PMBDA TO ANSWERS
### BREACH OF CONTRACT, FRAUDULENT, CONCEALMENT:

1. Did Plaintiff have a difficult time retaining counsel because of <u>Breach of Contract</u> and a "Kangaroo Court" that had occurred some time prior to 1980 with NO EVIDENCE? *Exhibit "I"* *Exhibit "J", Exhibit "X"*

2. Did the Claim should not be dismissed and terminated because the Plaintiff has "evidence" that the Defendant, PMBDA, a meeting with NO EVIDENCE, <u>a breach of contr</u>act, fraudulent, concealment and a "Kangaroo Court"? Exhibit A  *, Exhibit "I"*

3. Did Plaintiff, Mr. Owens, is not a wealthy man, he cannot afford to retain counsel?

4. Did Plaintiff, Michael E. Owens, invest over $8,000 of his own money as <u>*start-up*</u> capital before closing April 21, 1976?

5. Did PMBDA, Phil Shearer, send Daryl S. Myers of Commonwealth National Bank, an "internal memo" that would allow them to administer all PMBDA funds. Copy of memo was never sent to Mr. Owens. Did Daryl S. Myers refuse to release internal memo? Exhibit H

6. Did PMBDA attorney Harold E. Dunbar and contract attorney Stephen W. Simpson violate their own loan agreement contract by conducting a closing for the Capital City Mall location instead of the original location at the Colonial Park Mall. An act of breach of contract?

7. Did PMBDA attorney Harold E. Dunbar and contract attorney Stephen W. Simpson <u>*fail to*</u> <u>communicate</u> with the Commonwealth National Bank about the change in locale before closing took place to see if the bank would agree with the new location? An act of breach of contract, fraud and concealment.

8. Did local church contribute $1,000.00 to the MICHAEL E. OWENS?

9. Did PMBDA attorney, Harold E. Dunbar, persuade the PLAINTIFF'S brother, Anthony Owens of Harrisburg, to invest $2,500 into the Plaintiff, and that he would explain to the PMBDA Board Members of additional investment on my behalf at the PMBDA board meeting on July 21, 1976? An act of fraudulent, concealment and breach of contract, "Kangaroo Court" meeting, race discrimination and reparation. Exhibit A

10. Did paragraph 9D of the Loan Agreement Contract require a closing of $95,000 loan within six months from April 21, 1976, by Commonwealth National Bank. The bank's commitment was predicated on the Colonial Park Mall location only. An act of breach of contract, fraudulent and concealment race discrimination and reparation.

11. Did loan from the PMBDA was declared in default 90 days premature, an act of breach of contract, fraudulent, concealment and "Kangaroo Court" meeting with NO EVIDENCE? Exhibit A

12. Did the Commonwealth of Pennsylvania, PMBDA, allowed Plaintiff six months to have a closing with Commonwealth National Bank should the Plaintiff have any problems? An act of breach of contract, fraudulent, concealment and "Kangaroo Court" meeting with NO EVIDENCE. Exhibit A

13. Did the Commonwealth National Bank and SBA withdrew their final commitment on February 11, 1977? Breach of contract. Exhibit B

14. Did drawdowns, cash advance and salary fall within the definition of operating capital? A breach of contract.

15. Did PMBDA staff attorney, Harold E. Dunbar, refuse to allow Irving M. Lichenstein, CPA, to be part of the management team of the PLAINTIFF'S because he was Jewish. Fraud, concealment, race discrimination, reparation, and a breach of contract according to banker, Daryl S. Myers.

16. Did the PMBDA board members and staff "VIOLATE" Section 9D of said loan agreement without reading it? An act of breach of contract, fraudulent, concealment and "Kangaroo Court" meeting with NO EVIDENCE. *Exhibit "A", Exhibit "I", Exhibit "J" Exhibit "K" Exhibit "L"*

17. Did Commonwealth National Bank letters dated November 18, 1975, and January 9, 1976, pertaining to the bank commitment of $95,000 to the Colonial Park Mall location only? The Plaintiff has executed document for the Colonial Park location. An act of breach of contract.

18. Did the PMBDA staff waived their loan agreement contract without communicating with the Commonwealth National Bank? An act of breach of contract. Exhibit A

19. Did Commonwealth National Bank and the SBA agree that any start-up capital invested into the PLAINTIFF'S BUSINESS, by owner Michael E. Owens, could be reimbursed to Plaintiff from loan proceeds? An act of breach of contract. Exhibit C

20. Did Lee E. Boyer and Company, CPA firm, prepare a balance sheet to indicate that no funds had been misappropriated from the PLAINTIFF? An act of breach of contract. Exhibit D

21. Did the following individuals agree on my behalf:

John P. Picconi Esq; Daryl S. Myers, Banker; Steve Krone, Esq; Steve Reed, Mayor of Harrisburg, PA; George W. Gekas, U.S. Congressman from Harrisburg, PA; Wesley A. Plummer, former City Council of Harrisburg, PA; Francis B. Haas, Jr., Esq; McNees, Wallace

& Nurick, Thomas C. Wetzel, CPA; Lee E. Boyer & Company; Irving M. Lichenstein, CPA, former employee with Laventhol & Horwath Accounting Firm.

22. Did the Plaintiff receive a loan from the Defendant, PMBDA, for $25,000 to start his own business? The Commonwealth National Bank also agreed to lend Plaintiff $95,000 to inject into the Plaintiff's business venture.

23. Daryl S. Myers of Commonwealth National Bank will testify that PMBDA attorney, Harold E. Dunbar, insisted that Irving M. Lichenstein, CPA, former employee with Laventhol & Horwath Accounting Firm, not be part of the Management Team for the PLAINTIFF'S BUSINESS. THE ABOVE INFORMATION IS THE REASON WHY THE BANK WITHDREW THEIR "ORAL AGREEMENT" TO CAPITAL CITY MALL. AN ACT OF BREACH OF CONTRACT, FRAUD, CONCEALMENT, RACE DISCRIMINATION AND REPARATION.

_Exhibit "I"_

24. Did the Plaintiff's projected lost income for the last 46 years because of fraudulent, concealment and breach of contract is $11,620,000.

25. Did the Plaintiff's initial losses are as follows:

| | |
|---|---|
| Brother's Investment | $  2,500 |
| Personal Losses | 25,000 |
| Business Investment | 8,000 |
| Church | 1,000 |
| PMBDA | 25,000 |
| Commonwealth National Bank SBA | 95,000 |
| | ----------- |
| Total | $156,500 |

26. Did Harold E. Dunbar, Harrisburg, PA, City School Board Members, fired Harrisburg High School football coach "Jet" Johnson, who had a winning season all three years? The year that Harold E. Dunbar fired "Jet" Johnson, his team finished the season with a 9-1-1 record. Harold E. Dunbar fired "Jet" Johnson because he was white. An act of race discrimination.

27. Did PMBDA closing agenda documents were available at closing of April 21, 1976? An act of breach of contract.

28. Did closing agenda documents indicated that a lease should be provided by the landlord of Colonial Park Plaza Mall only? An act of breach of contract.

29. Did George Chump, 1965 football coach for John Harris High School, Harrisburg, PA, verify that Harold E. Dunbar quit the football team because of inadequate performance? Harold E. Dunbar insulted George Chump in 1990 at the Class Reunion of 1965. An act of race discrimination.

30. Did Harold E. Dunbar indicate to the Plaintiff that Nancy Mawby, PA Department of Commerce advised him that he should speak on Plaintiff's behalf, his law license could be in jeopardy? He also informed the Plaintiff that Nancy Mawby and the Shapp Administration

officials, had a vindictive nature toward Plaintiff, because of news articles in the Patriot and Evening Newspapers (the Plaintiff) accusing the Shapp Administration of fraudulent and concealment.

31. Did Attorney, Harold E. Dunbar, state to Plaintiff that he was the best Black attorney in the state of Pennsylvania?

32. Did PMBDA Attorney, Harold E. Dunbar, know all the facts about the PLAINTIFF'S BUSINESS, but failed to enlighten the PMBDA Board and because his job was threatened? An act of fraudulent, concealment, breach of contract.

33. Did PMBDA Attorney, Harold E. Dunbar, was terminated from his position because of insubordination with the Rowe's Department Store regarding a $200,000 CHECK?

34. Did PMBDA Attorney, Harold E. Dunbar, inform Plaintiff that U.S. Attorney, General Richard Kleindean, recruited him to work in Washington, DC. Harold E. Dunbar believed that Mr. Kleindean planned to implicate him in the Watergate scandal?

35. Did PMBDA Attorney, Harold E. Dunbar, was arrested in Virginia for domestic violence by his ex-wife? He has been married three times.

36. Did PMBDA Attorney, Harold E. Dunbar, state at the Black Businessmen's Association meeting that he could write letters better than anybody in Harrisburg, PA?

37. Did PMBDA Attorney, Harold E. Dunbar and the Plaintiff were best friends? Plaintiff participated at wedding ceremony as head usher for PMBDA Attorney, Harold E. Dunbar. The Plaintiff had educated PMBDA Attorney, Harold E. Dunbar, about street people, social skills, and common sense.

38. Did PMBDA Board declare the Plaintiff's loan was into default, no reasons were given to what section of the loan agreement contract that a violation had occurred? An act of breach of contract and a "Kangaroo Court" with NO EVIDENCE. Exhibit "K", Exhibit "J"

39. Did the conduct of the Secretary of Commerce, John O'Connor, toward the Plaintiff, his Accountant and Attorney, was that of a "KANGAROO COURT" when the PMBDA Board voted to declare the loan into default? An act of breach of contract with NO EVIDENCE. Exhibit I, Exhibit "J", Exhibit "K"

40. Did the PLAINTIFF pay the following expenses from PMBDA escrow account:

    1. Corporation Bureau
    2. Accounting
    3. Legal Fees
    4. Corporation Insurance Premiums
    5. Interest on the Authority Loan from the Plaintiff's escrow account

41. Did the PMBDA Board declare the Plaintiff's loan in default 90 days prematurely, the Plaintiff and his brother, Anthony Owens, attempted to open a shop in Host Inn of Harrisburg under his

brother's name, called Anthony's Men's Clothing Shop. The intentions of this enterprise were to focus on his dream of opening a quality men's clothing store. An act of breach of contract.

42. Did Mr. Francis B. Haas, Jr., Esq., McNees, Wallace & Nurick, considered the best corporation attorney in the State of Pennsylvania, will testify on Plaintiff's behalf, to give an independent opinion of Section 2A and Section 9D of the Loan Agreement contract?

43. Did Mr. Stephen W. Simpson, Esq., of Goodis, Greenfield, Henry, Slaiman & Levin Law Firm, contracted by PMBDA to perform closing for the PLAINTIFF'S BUSINESS? Mr. Simpson should be charged with insubordination for not following the procedures of PMBDA Loan Agreement and the Terms and Conditions of the Commonwealth National Bank and SBA documents. An act of breach of contract according to Plaintiff's attorney John S. Picconi. Exhibit E , E X h i b i t "I" , E x h i b i t "C"

44. Did John S. Picconi, Attorney for the Plaintiff, inform PMBDA Attorney, Mr. Stephen W. Simpson in writing dated April 15, 1976 that a CHANGE in location had occurred? An act of breach of contract. Exhibit E , E X h i b i t "I"

45. Did Mr. Stephen W. Simpson, Esq., Contract Attorney for PMBDA, should have performed a closing with documents from PMBDA, Commonwealth National Bank, and SBA, to have joint closing according to Plaintiff's attorney John S. Picconi? An act of breach of contract.

46. Did Mr. Stephen W. Simpson, Esq., Contract Attorney for PMBDA, NEVER reviewed any of Commonwealth National Bank's and/or SBA documents, to see if they were in agreement with authority? An act of breach of contract. Exhibit E , E X h i b i t "I"

47. Did John S. Picconi, former Attorney for the Plaintiff, sent letters to Mr. Owens dated May 6, 1980 and November 2, 1981 of his interpretation of Section 2A and Section 9D that the PMBDA were in breach of contract? An act of breach of contract. E X h i b i T "J" , E x h i b i t "K"

48. Did PMBDA contract Attorney, Stephen W. Simpson, released authority funds to Plaintiff before bank funding had been solidified? An act of breach of contract. E X h i b i t "I"

49. Did PMBDA Staff Attorney, Harold E. Dunbar, conceal all facts and failed to take the opportunity to enlighten Mr. O'Connor and the PMBDA board members to the problems that Mr. Owens was having with landlords? An act of breach of contract, fraudulent and concealment. Exhibit E , E X h i b i t I"

50. Did PMBDA Attorney, Stephen W. Simpson never reviewed the Commonwealth National Bank letters dated November 18, 1975 and January 9, 1976? An act of breach of contract. E X h i b i t I" E x h i b i t "J" , E x h i b i t "K"

51. Did Commonwealth National Bank letter dated January 8, 1976, indicate in its first paragraph: "It is understood and a condition of this commitment, that this new Corporation engage solely in the operation of a retail menswear clothing business to be located in the Colonial Park Plaza, Harrisburg, PA? A copy of the Bank Commitment was sent to PMBDA. E X h i b i t "C" E x h i b i t "D"

52. Did Commonwealth National Bank letter dated November 19, 1975, Page Two, Item #4, indicate that Bank Commitment predicated upon a location in Colonial Park Plaza? A copy of

the Bank Commitment was sent to PMBDA. And act of breach of contract, fraudulent and concealment. Exhibit "Q"

53. Did the Plaintiff's Attorney, John S. Picconi, send a letter to Mr. Owen Montague, PMBDA Director, dated July 16, 1976, informing Mr. Montague that all pertinent expenses were current from the escrow account? An act of breach of contract, fraudulent and concealment. Exhibit "m"

54. Did the Plaintiff's Attorney, John S. Picconi, send Ms. Cynthia M. Craig, Assistant Director, a check in the amount of $191.68 for interest due to PMBDA through July? Exhibit F, Exhibit "m"

55. Did the Plaintiff send a letter to Governor Richard Thornburgh, dated March 13, 1980, charging PMBDA with Breach of Contract and requesting an explanation of the violations of the Plaintiff?

56. Did former Pennsylvania Senator George W. Gekas, send a letter to PMBDA dated April 24, 1979, requesting a summation of Mr. Owens loan violations?

57. Did Wesley A. Plummer, former Harrisburg City Council Member, request information regarding the violation of the Loan Agreement dated June 19, 1979?

58. Did Douglas W. Reeser admit to:  On April 16, 1980, Douglas W. Reeser, Executive Assistant to the Executive Deputy Secretary, state that Mr. Owens "First, let me address you contention that this loan should never have been "closed" since not all the items in the closing agenda were "satisfied" on April 21, 1976?" An act of breach of contract. Exhibit G

the Bank Commitment was sent to PMBDA. And act of breach of contract, fraudulent and concealment. Exhibit "C"

53. Did the Plaintiff's Attorney, John S. Picconi, send a letter to Mr. Owen Montague, PMBDA Director, dated July 16, 1976, informing Mr. Montague that all pertinent expenses were current from the escrow account? An act of breach of contract, fraudulent and concealment. Exhibit "M"

54. Did the Plaintiff's Attorney, John S. Picconi, send Ms. Cynthia M. Craig, Assistant Director, a check in the amount of $191.68 for interest due to PMBDA through July? Exhibit F Exhibit "M"

55. Did the Plaintiff send a letter to Governor Richard Thornburgh, dated March 13, 1980, charging PMBDA with Breach of Contract and requesting an explanation of the violations of the Plaintiff?

56. Did former Pennsylvania Senator George W. Gekas, send a letter to PMBDA dated April 24, 1979, requesting a summation of Mr. Owens loan violations?

57. Did Wesley A. Plummer, former Harrisburg City Council Member, request information regarding the violation of the Loan Agreement dated June 19, 1979?

58. Did Douglas W. Reeser admit to:  On April 16, 1980, Douglas W. Reeser, Executive Assistant to the Executive Deputy Secretary, state that Mr. Owens "First, let me address you contention that this loan should never have been "closed" since not all the items in the closing agenda were "satisfied" on April 21, 1976?" An act of breach of contract. Exhibit G

59. DID PLAINTIFF, MICHAEL E. OWENS, EXECUTE A CLOSING WITH THE COMMONWEALTH NATIONAL BANK ON APRIL 14, 1976, FOR $95,000.00? Exhibit C