IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL EUGENE OWENS,** | : | CIVIL ACTION NO. 1:23-CV-105 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **(PMDBA) PA MINORITY BUSINESS DEVELOPMENT AUTHORITY OF THE COMMONWEALTH OF PENNSYLVANIA,** *et al.*, | : | |
| **Defendants** | : | |

**MEMORANDUM**

Before the court is the report of Magistrate Judge Joseph F. Saporito, Jr., issued following screening review of *pro se* plaintiff Michael Eugene Owens' complaint. Owens has filed objections to the report in addition to filing motions for appointment of counsel and for issuance of subpoenas. We will adopt the report, overrule Owens' objections, and deny his miscellaneous motions as moot.

**I.   Background**

Owens initiated this lawsuit with the filing of a complaint on January 20, 2023. The allegations and claims therein arise from a loan transaction between Owens and defendant PMBDA (the Pennsylvania Minority Business Development Authority) executed in April 1976. That loan soon was declared to be in default. By August of 1977, Owens and PMBDA negotiated a settlement that resulted in issuance of a new note; that note too went into default. Owens attaches to his complaint various exhibits documenting his pursuit of administrative remedies throughout the late 1970s and early 1980s. The most recent event reflected in

Owens' submissions occurred in November 1981, when his attorney sent him a letter interpreting provisions of the loan agreement at Owens' request. (See Doc. 1 at 21 ¶ 47; Doc. 1-1, Ex. K).

Judge Saporito screened Owens' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and issued a report recommending the complaint be dismissed with prejudice based on the statute of limitations. Owens timely objected to the report.

## II. Legal Standard

When a party objects to a magistrate judge's report and recommendation, the district court undertakes *de novo* review of the contested portions of the report. See E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); see also FED. R. CIV. P. 72(b)(3). We afford "reasoned consideration" to any uncontested portions of the report before adopting them as the decision of the court. City of Long Branch, 866 F.3d at 100 (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)).

## III. Discussion

We find Judge Saporito's analysis to be well-reasoned and fully supported by the applicable law, and Owens' objections to be without merit. For purposes of the discussion that follows, we adopt and incorporate in full the factual background set forth in Judge Saporito's report, which derives from Owens' complaint and the various exhibits attached thereto, as well as Judge Saporito's articulations of the applicable legal standards. We note as a preliminary matter that Owens' objections arguably are insufficient to trigger *de novo* review; our Local Rules of Court require

that objections "specifically identify the portions of the . . . report to which objection is made and the basis for such objections," see M.D. PA. L.R. 72.3, and Owens' filings do not speak to the report or its substantive analysis at all.[1]

In any event, we agree with Judge Saporito that Owens' claims plainly are time-barred by several decades. The most recent event reflected in Owens' various filings occurred in November 1981, when his attorney sent him a letter interpreting certain provisions of the loan documents to assist Owens in seeking to reactivate the loan. (See Doc. 1 at 21 ¶ 47; Doc. 1-1, Ex. K). As Judge Saporito correctly notes—and Owens never disputes—Owens' state-law tort claims and federal civil rights claims are subject to a two-year statute of limitations, and his claims sounding in contract are subject to a four-year statute of limitations. (See Doc. 9 at 3). Even if we assume *arguendo* the statute of limitations did not start to run until the last event identified in Owens' filings (the November 1981 letter from his attorney), the statute of limitations on his tort and civil rights claims expired in November 1983, and on his contract-based claims in November 1985. Owens offers no explanation in his objections for his delay in filing this lawsuit, nor does he identify continuing violations or any other circumstances which might render his claims timely. His objections merely reiterate the timeline set forth in his initial pleading. (See, e.g.,

---

[1] Owens does claim in his first objection that "the 'law clerk' has been 'bias' and 'prejudice' in their opinion and didn't read the complaint," (see Doc. 11 at 1), an allegation he repeats throughout his supplemental objections, (see, e.g., Doc. 12 at 1; Doc. 13 at 1). The undersigned has independently reviewed the complaint and all exhibits submitted by Owens, and Judge Saporito's report accurately recounts the facts alleged therein. Owens' assertions of bias, prejudice, or lack of diligence on the part of the court and its staff are entirely without merit.

Doc. 11 at 1 (noting relevant events in 1976)).  For this reason, we also agree with Judge Saporito's further recommendation that dismissal be with prejudice, as leave to amend this patently time-barred claim would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## IV.  Conclusion

For the reasons set forth herein, we will adopt Judge Saporito's report and dismiss Owens' complaint with prejudice.  We will also deny Owens' motions for appointment of counsel and for issuance of subpoenas as moot.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     April 18, 2023